**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**WILLIAM LEE GRANT, II,**

Plaintiff,

**v.**

**CIVIL ACTION NO.: 3:19-CV-96 (GROH)**

**GREGORY K. HARRIS, AUSA, and JOINT CHIEFS OF STAFF,**

Defendants.

# REPORT AND RECOMMENDATION

## I. INTRODUCTION

Pending before the Court is Plaintiff William Lee Grant, II's ("Plaintiff") pro se Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that Plaintiff's complaint is frivolous, an abuse of the judicial process, and barred by the doctrine of res judicata, the undersigned recommends that Plaintiff's complaint be dismissed, with prejudice, and Plaintiff's motion to proceed *in forma pauperis* be denied as moot.

## II. THE COMPLAINT

To start, Plaintiff's complaint consists of three typed documents which have a significant number of handwritten notes in the margins. ECF No. 1, at 1–6. The

[1] This motion was referred to the undersigned by order dated June 12, 2019. Order of Referral, ECF No. 4.

complaint also contains several pages of handwritten numbered paragraphs. Id. at 7–10. In the first typed document, Plaintiff alleges that he was employed at the Illinois Department of Transportation ("IDOT") at some point in the past. Id. at 1. Plaintiff alleges that he filed a civil rights complaint with IDOT and thereafter was subject to a hostile work environment. Id. Plaintiff alleges he was subject to racial slurs from his IDOT supervisor, Richard Abel Kabaker, had his work hours changed, and had his work products tampered with. Id. Plaintiff alleges that in November 2014 he accepted a position at the Illinois Governor's Office, but on December 3, 2014, they informed Plaintiff that he could not be added to the Illinois Governor's Office's payroll and would not be paid for the month he worked in November. Id. at 2. Plaintiff alleges this was retaliation by the Illinois Governor's Office for filing a civil rights complaint with IDOT's Bureau of Civil Rights. Id. at 1–2. Plaintiff claims he was wrongfully denied unemployment by the Illinois Department of Employment Security and claims that he has been "blacklisted" from employment "all over America." Id. at 2.

Plaintiff's second typed document contains nonsense. For example, Plaintiff asserts "Grandmas kick ass!" and "The DoD remembers 'Nam." Id. at 3. Plaintiff's third typed document contains nonsensical questions. For example, Plaintiff asks "Where shall President George W. Bush be tried for treason and War Crimes?" and "Will this court direct Hillary Rodham Clinton to submit to a DNA test to verify it was her hair was found on the body of Vince Foster?" Id. at 6. The handwritten notes on Plaintiff's typed documents mostly refer to dozens of other federal lawsuits Plaintiff has brought in a variety of federal district courts. Id. at 1–3. They also contain additional nonsense like "The Dixie Chicks were right!" Id. at 3. Finally, Plaintiff's handwritten pages contain

nothing but nonsense such as: "Sex and the City came from the Pentagon. As a child, Mr. Grant wanted to know how it was to date in a large city," "Harry Potter came from the Pentagon. Mr. Grant was raised as an 'unwanted child,'" and "Scandal is the Pentagon 'airing' America's 'dirty laundry' on national television." Id. at 9–10.

It appears that Plaintiff has filed variations on the instant complaint many times in many federal districts, including by not limited to:[2]

Central District of California:
Case No.: 2:17-CV-8558

District of Columbia:
Case No.: 1:17-CV-1434
Case No.: 1:18-CV-0559
Case No.: 1:18-CV-1152
Case No.: 1:18-CV-1162
Case No.: 1:18-CV-1804
Case No.: 1:18-CV-1805
Case No.: 1:18-CV-1806
Case No.: 1:18-CV-2774
Case No.: 1:18-CV-3053
Case No.: 1:18-CV-3073
Case No.: 1:18-CV-3049
Case No.: 1:18-CV-3079
Case No.: 1:18-CV-3163

Northern District of Georgia:
Case No.: 1:18-CV-1469
Case No.: 1:18-CV-1475
Case No.: 1:18-CV-1474
Case No.: 1:18-CV-1472

Central District of Illinois:
Case No.: 3:16-CV-3245[3]

[2] This list of case filings comes from Plaintiff's handwritten notes on his complaint as well as the Central District of Illinois' Order sanctioning and banning Plaintiff from filing in the Central District of Illinois. Case No. 3:19-CV-3001 (C. D. Ill.), ECF No. 7, at 9. The undersigned will not recount all of Plaintiff's appeals here but notes that the Central District of Illinois also listed Plaintiff's extensive appeal history in its Order. Id.

[3] This appears to be Plaintiff's first filing of his barrage of filings in the federal courts. The named defendants were Richard Abel Kabaker, the State of Illinois, and the United States Department of Justice. The defendants' motions to dismiss were granted on October 12, 2016. Case No. 3:16-CV-3245 (C. D.

Case No.: 3:16-CV-3232
Case No.: 3:16-CV-3239
Case No.: 3:16-CV-3245
Case No.: 3:17-CV-3188
Case No.: 3:17-CV-3203
Case No.: 3:17-CV-3206
Case No.: 3:17-CV-3207
Case No.: 3:17-CV-3215
Case No.: 3:17-CV-3261
Case No.: 3:17-CV-3274
Case No.: 3:17-CV-3284
Case No.: 3:17-CV-3302
Case No.: 3:18-CV-3054
Case No.: 3:18-CV-3073
Case No.: 3:18-CV-3130
Case No.: 3:18-CV-3131
Case No.: 3:18-CV-3189
Case No.: 3:18-CV-3197
Case No.: 3:19-CV-3001
Case No.: 3:19-CV-3014
Case No.: 3:19-CV-3015
Case No.: 3:19-CV-3016
Case No.: 3:19-CV-3017
Case No.: 3:19-CV-3018
Case No.: 3:19-CV-3019
Case No.: 3:19-CV-3020
Case No.: 3:19-CV-3025

Northern District of Illinois:
Case No.: 1:17-CV-7902

District of Maryland:
Case No.: 1:18-CV-1327
Case No.: 1:18-CV-1706
Case No.: 1:18-CV-1705

District of Nebraska:
Case No.: 8:18-CV-0246
Case No.: 8:18-CV-0247

Eastern District of New York:
Case No.: 1:18-CV-0755
Case No.: 1:18-CV-3383
Case No.: 1:18-CV-3382

---

Ill.), ECF No. 24. Plaintiff's appeal of the dismissal order was denied for failure to pay the docketing fee. Id., ECF No. 35.

Case No.: 1:18-CV-3425

Southern District of New York:
Case No.: 1:18-CV-4917
Case No.: 1:18-CV-4920
Case No.: 1:18-CV-4919

Eastern District of Texas:
Case No.: 6:17-CV-0631
Case No.: 6:18-CV-0289
Case No.: 6:18-CV-0291

Northern District of Texas:
Case No.: 3:18-CV-0829
Case No.: 3:18-CV-1478
Case No.: 3:18-CV-1479
Case No.: 3:18-CV-1480
Case No.: 4:18-CV-0471
Case No.: 4:18-CV-0470
Case No.: 4:18-CV-0472

Western District of Texas:
Case No.: 2:18-CV-0038
Case No.: 2:18-CV-0039

Eastern District of Virginia:
Case No.: 1:18-CV-0457
Case No.: 1:18-CV-0449
Case No.: 1:18-CV-0543
Case No.: 3:18-CV-0369
Case No.: 4:18-CV-0070
Case No.: 2:18-CV-0312
Case No.: 1:18-CV-0696
Case No.: 2:18-CV-0362
Case No.: 1:18-CV-0939
Case No.: 2:18-CV-0449
Case No.: 1:18-CV-1149
Case No.: 1:18-CV-1328

Western District of Virginia:
Case No: 6:19-CV-0013
Case No: 1:19-CV-0014
Case No: 1:19-CV-0015
Case No: 6:19-CV-0016
Case No: 6:19-CV-0017
Case No: 5:19-CV-0024

Northern District of West Virginia:
Case No: 3:19-CV-0096

Southern District of West Virginia:
Case No.: 2:19-CV-0444

Court of Federal Claims:
Case No.: 1:16-CV-1621
Case No.: 1:17-CV-1785
Case No.: 1:18-CV-1687.

On June 12, 2018, the District Court for the Northern District of Texas banned Plaintiff from filing any further actions in forma pauperis until Plaintiff paid a sum of $100 as a sanction for his continued filing of frivolous complaints and abuse of the privilege of seeking to proceed in forma pauperis. Case No. 4:18-CV-471 (N. D. Tex.), ECF No. 7, at 2. On February 12, 2019, the District Court for the Central District of Illinois banned Plaintiff from filing further civil suits in the Central District of Illinois, and the District Court sanctioned Plaintiff in an amount of the $400 filing fee in each case in which it is required. Case No. 3:19-CV-3001 (C. D. Ill.), ECF No. 7, at 11. Undeterred by any filing ban or monetary sanction, Plaintiff filed six actions in the Western District of Virginia, one action in the Southern District of West Virginia, and the instant action in the Northern District of West Virginia after February 12, 2019.

## III. LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with her request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has

explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. DISCUSSION

An IFP complaint that fails to state a claim is not automatically frivolous as contemplated in 28 U.S.C. § 1915(e)(2)(B). See McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (citing Neitzke, 490 U.S. at 320). "[A] complaint is frivolous only 'where it lacks an arguable basis either in law or in fact.'" Id. (quoting Neitzke, 490 U.S. at 325). "Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'" Id. (quoting

Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 774 (7th Cir. 2002)). There can be no doubt that the overwhelming majority of Plaintiff's complaint in the instant case is nothing more than such nutty, delusional, and wholly fanciful allegations as to be simply unbelievable and therefore frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

To the extent Plaintiff alleges any claims that are non-frivolous, such allegations clearly relate to events that took place in Illinois. Indeed, Plaintiff appears to have brought this case first in the Central District of Illinois. See Case No. 3:16-CV-3245 (C. D. Ill.). Unhappy with the result in that case, Plaintiff has taken it upon himself to file at least **ninety-three (93)** more lawsuits in **seventeen (17)** different district courts around the country trying to have his case reheard. First, Plaintiff is barred from reasserting these claims by the doctrine of res judicata.[4] Second, even if Plaintiff were not barred by the doctrine of res judicata, the proper venue for this action would be the Central District of Illinois, where Plaintiff is banned from filing any more cases until at least February 2021. See § 28 U.S.C. § 1402; Case No. 3:19-CV-3001 (C. D. Ill.), ECF No. 7, at 12. Third, and most importantly, Plaintiff's practice of refiling dismissed claims is a waste of judicial resources and an abuse of the judicial process.

Although dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) is not treated as a dismissal with prejudice in this Circuit, see Nagy v. FMC Butner, 376 F.3d 252, 258 (4th Cir. 2004) ("We do not think, however, that Congress intended a dismissal under § 1915(e)(2)(B)(i) of the in forma pauperis statute to operate as a dismissal with

[4] Res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by parties or their privies based on the same cause of action. Harnett v. Billman, 800 F.2d 1308, 1312 (4th Cir.1986). The preclusive effect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for "[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Peugeot Motors of Am., Inc. v. E. Auto Distribs., Inc., 892 F.2d 355, 359 (4th Cir.1989) (quoting Brown v. Felsen, 442 U.S. 127, 131 (1979)) (internal quotation marks deleted).

prejudice."), Plaintiff's extraordinary abuse of the judicial process and the in forma pauperis statute warrants dismissal with prejudice in this case. Accordingly, Plaintiff's complaint should be dismissed with prejudice as frivolous and barred by the doctrine of res judicata.

## V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

Plaintiff, William Lee Grant, II, shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 19th day of June, 2019.

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE